UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MARK PAK,<br><br>Defendant(s). | Case No. 2:17-CR-338 JCM (NJK)<br><br>ORDER |

Presently before the court is petitioner Mark Pak's motion for early termination of supervised release. (ECF No. 56). The government filed a response (ECF No. 61), to which Pak replied (ECF No. 62). For the reasons stated below, the court GRANTS Pak's motion.

**I.      Background**

Pak pled guilty to one count of theft of government property in violation of 16 U.S.C. § 641 and was sentenced by this court to 18 months incarceration followed by 3 years of supervised release. (ECF No. 52). He was also ordered to pay $176,968.80 in restitution. (*Id.*). He began his term of supervision on September 26, 2022. He has, to date, spent over 16 months under supervision.

Pak's probation officer informs the court that he has complied with all conditions of his supervision, including making monthly restitution payments. Since beginning his term of supervision, Pak has not had any negative interactions with law enforcement. He now asks for early termination of his supervision.

**II.     Legal Standard**

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors outlined in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action

is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4).

To warrant termination, the defendant need not show undue hardship, changed circumstances, or even exceptionally good behavior. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). But the defendant still carries the burden to show that, on balance, the relevant sentencing factors weigh in favor of termination. *Id.* District courts enjoy "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

**III.   Discussion**

Pak argues for early termination of his supervision because he has complied with all supervision conditions, has no need for supervision treatment and services, poses no risk to the community, and would like to return home to South Korea to visit his sick mother. (ECF No. 56). The government opposes Pak's motion on the grounds that, once supervision is terminated and he is allowed to travel to South Korea, "there would be no way to ensure that Pak continues" to make restitution payments. (ECF No. 61, at 4). The USPO takes no position on whether Pak's term of supervision should be terminated.

After considering the relevant factors—(1) the nature and circumstances of the offense and defendant, (2) deterrence of future criminal conduct, (3) the need to protect the public from future crimes, (4) providing the defendant with needed treatment and services, (5) other kinds of sentences available, (6) the pertinent sentencing commission policy statements, (7) the need to avoid sentencing disparities, and (8) defendant's restitution obligations—the court is satisfied that termination is warranted in the interest of justice. 18 U.S.C. § 3583(e)(1).

The government's sole argument against termination is that Pak has a significant outstanding restitution balance, and Pak might discontinue payments once he is no longer under supervision. (ECF No. 61, at 4). Pak counters that supervision is not the only mechanism the

government has at its disposal to enforce restitution.  (ECF No. 62, at 2).  The government may enforce restitution in several other ways, including wage garnishment, liens on property, and sale of property.  (*Id.*).  He is also committed to making the required payments, regardless of whether he is under supervision.  (*Id.* at 1–2).  This is an insufficient reason to deny him early termination.  The court agrees with Pak.

The government's argument is unavailing because, at his current monthly payment rate, Pak cannot pay off his restitution even if he serves a full 3-year term of supervision.  Keeping him under supervision for an additional 20 months will make a negligible difference to the outstanding balance.  And, not only can the government enforce the court's order of restitution by other means such as with a writ of garnishment; *see United States v. Swenson*, 971 F.3d 977, 979 (9th Cir. 2020); an outstanding restitution balance alone is but one factor the court considers in determining whether early termination is warranted "in the interest of justice."  The other factors weigh in favor of early termination.

The defendant has not had any negative interactions with law enforcement, does not need any treatment or services that probation provides, and has been compliant with the terms of his supervision.  His original offense was not a violent one and he has familial ties in South Korea, making it unlikely that he will commit future crimes if allowed to travel to visit his ailing mother.  There is no indication he will discontinue making restitution payments once supervision is terminated.  He has completed over a year of supervision, and the USPO does not oppose early termination.  For these reasons, early termination should be granted.

**IV.** **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Mark Pak's motion for early termination (ECF No. 56) be, and the same hereby is, GRANTED.

_____

UNITED STATES DISTRICT JUDGE